THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FELIPE LÓPEZ CAMACHO, Defendant and Appellant.

No. CR-69-30.      Decided March 2, 1970.

*Gerardo Ortiz del Rivero* for appellant. *Gilberto Gierbolini, Solicitor General,* and *Lydia Nieves Franqui, Assistant Solicitor General,* for The People.

PER CURIAM: Appellant was convicted of six charges of possession, transportation, and sale of drugs. Section 29 of the Narcotics Act of Puerto Rico, 24 L.P.R.A. § 973.* The trial court sentenced him to serve from 10 to 20 years in the penitentiary in each case, it being provided that all minimum terms imposed in the sentence rendered be served concurrently, but the maximum terms, consecutively, up to sixty years imprisonment.

Feeling aggrieved by said sentence, he filed an appeal requesting the trial court to fix the bail, which was denied. In view thereof, he filed before this Court a motion to be admitted to bail, on the ground that the appeal was not frivolous, that he had never tried to escape from this jurisdiction, and that he did not constitute any danger to the community. We denied the fixing of bail, after passing on the merits of the petition.

We will consider now the errors assigned by appellant in his petition. The first four errors refer to the effectiveness of the preliminary hearing. As done by appellant and by the Solicitor General in his report, we shall discuss them jointly.

---

* EDITOR'S NOTE: Section 29 of the Narcotics Act of Puerto Rico appears in 24 L.P.R.A. § 974z.

Subsequent to the arraignment and after defendant made a plea of not guilty, the only witness who had personal knowledge of the facts examined in the preliminary hearing for the determination of probable cause was murdered. Then, the prosecuting attorney requested the court to include on the back of the information the names of two other witnesses who had not been included upon filing of the information because it was considered unnecessary. Appellant objected, alleging that the prosecuting attorney's request constituted a surprise for the defense and that it violated Rule 23 of the Rules of Criminal Procedure, as well as Art. II, § 10 of the Constitution of Puerto Rico. The court set a hearing to consider appellant's objection, but the latter waived it the same day of the hearing and while it was being held. Then, the court granted the prosecuting attorney's request that additional witnesses be included in the information.

Appellant's contention is that upon the death of the only witness who testified at the preliminary hearing with personal knowledge of the facts, his statement lost all its juridical efficacy to support the existence of probable cause. In support thereof he cites *Hoyos* v. *Superior Court*, 80 P.R.R. 612 (1958); *Ex parte Salvá*, 41 P.R.R. 27 (1930). We do not agree.

The evident purpose of the preliminary hearing is to avoid that a citizen be subject to the strictness of a criminal prosecution in an arbitrary and unjustified manner. The hearing gives the prosecuting attorney the opportunity to show that there exists probable cause to believe that a crime has been committed, and that the person who is before the examining magistrate committed it. Once this is shown, the hearing has achieved its legal purpose, without the efficacy of the determination of probable cause being impaired by facts occurring subsequent to the same, even though subsequent facts may affect the case of the prosecuting attorney, if it happens that the latter has no other evidence in order to connect ap-

pellant with the commission of the offense. It all simply boils down to a question of sufficiency of evidence, which has nothing to do with the validity of the determination made in the preliminary hearing. Appellant could have raised the question of sufficiency of the evidence as was done in *Hoyos*, and in *Ex parte Salvá*, *supra*, through a petition for habeas corpus, or at the same hearing set by the court to consider appellant's objection to the inclusion of new witnesses, which he expressly waived.

■ Appellant finds no support in *Hoyos*, which case, as we said, deals with a habeas corpus proceeding. In said case, at p. 624, footnote 5, we pointed out, precisely, that the fact that the prosecuting attorney did not include in the information the name of the only witness who, in the determination of probable cause, had connected the defendant with the commission of the offense, did not alter the existence of probable cause.

■ The fifth assignment is also untenable. Appellant argues that the prosecuting attorney commented on defendant's silence in stating in his closing argument that: "The defense has not presented a bit of evidence." The record shows that the statements of the prosecuting attorney did not refer to the fact that the defendant had not testified, but to the evidence to impeach a witness of the People who was charged with being a drug addict. See Tr. Ev. pp. 201, 202.

■ In the sixth error appellant assigns that the court erred in not discharging the jury when the prosecuting attorney, in the presentation of his theory before the jury, stated that: "You will hear evidence that the witness, or agent Gerardo Mendoza, died violently on February 19. . . ."

The prosecuting attorney's reference to the violent death of said witness had the purpose of explaining to the jury the reason why said witness did not appear to testify, despite the fact that he appeared as witness on the back of the informa-

tion. Immediately, the court instructed the jury not to take into consideration, in any manner whatsoever, the statement made by the prosecuting attorney as to how the death of said witness occurred. Tr. Ev. pp. 9 and 10. In its final instructions the court expressly included this incident also.[1] The error assigned was not committed.

As to the seventh and the eighth assignments, regarding the penalty imposed, although we believe that the same is within the limits established by the law, we consider that the maximum terms should also be served concurrently.

The judgment rendered by the trial court will be modified to the effect that both, the minimum and the maximum terms, be served concurrently. As thus modified, it will be affirmed.

Mr. Chief Justice and Mr. Justice Santana Becerra did not participate herein.

---

[1] Specifically, the court gave the following instructions:

"I especially invite you not to consider that part of the evidence which was sought to be introduced regarding the fact that the witness on the back of this information, agent Mendoza Pérez, had been murdered, because that is not part of the evidence in this case, nor is it part of the theory, it is just that it was presented in order to explain why that man had not testified before you; because he was dead on that date. But the fact of the murder should not be considered by you as evidence in this case. Even less should you consider that this defendant might be involved in that case because it was not object of proof. Regarding that case the defendant does not have any kind of responsibility and you will determine what kind of responsibility the defendant might or might not have in this case, according to the evidence presented herein."